NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1843
_____

ANTHONY V. OTTILIO, Individually;
OTTILIO PROPERTIES LLC,

Appellants

v.

VALLEY NATIONAL BANCORP;
VALLEY NATIONAL BANK; MICHAEL GHABRIAL;
JOHN CINA;
ANDREW B. ABRAMSON;
ROBERT C. SOLDOVERI;
HANS KRETCHMAN;
ALFRED SORRENTINO, JR.;
GENOVA BURNS GIANTOMASI WEBSTER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 13-cv-07154)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2015

Before:  HARDIMAN, SCIRICA and BARRY, Circuit Judges

(Filed: January 22, 2015)

_____

OPINION[*]

_____

HARDIMAN, Circuit Judge

Anthony Ottilio appeals the District Court's order dismissing his civil case. We will affirm.

I

Ottilio and his company, Ottilio Properties, LLC, owned several properties that were foreclosed upon. Thereafter, Ottilio filed an 11-count complaint alleging that his lawyer and banker duped him into executing cross-collateralized mortgages that empowered the bank to foreclose on all of his properties after he defaulted on just one mortgage. Nine of Ottilio's claims were based on state law, while two claims alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d).

The District Court dismissed Ottilio's complaint under Federal Rule of Civil Procedure 12(b)(6), holding that Ottilio had failed to state a federal claim under RICO and declining to exercise supplemental jurisdiction over the state law claims. Specifically, the Court determined that Ottilio did not properly allege a predicate act of racketeering activity as required by 18 U.S.C. §§ 1961(1) and 1962(c). Although Ottilio alleged mail

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

or wire fraud as a predicate act, he did not provide any specificity regarding the purpose of the wires or mailings; nor did he allege who sent them, when they were sent, or how they fit into the purported fraudulent scheme. As an alternative (and independent) ground for dismissal, the Court noted that Ottilio alleged only a single scheme, not the multiple predicate acts required by the statute. 18 U.S.C. §§ 1961(5), 1962(c). Ottilio appeals.

## II[1]

Ottilio's arguments are largely nonresponsive to the District Court's stated reasons for dismissal. He first argues that he properly alleged mail or wire fraud as a predicate act because innocent mailings in furtherance of a RICO scheme can satisfy that requirement. But the District Court did not dismiss because Ottilio alleged only an innocent mailing— it dismissed because he did not allege mail or wire fraud with any particularity at all. In his brief, Ottilio claims that he "satisfied the wire and mail requirements of pleading a RICO cause of action" by alleging merely:

> 24. All Defendants acted in connection with a common enterprise that affecting [sic] interstate commerce.

> 25. The Defendants used the U.S. mails and wirings sent or delivered through private or commercial interstate carriers in furtherance of their enterprise.

Ottilio Br. 14–15. These averments fall well short of the requirement that the facts pleaded be "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*

---

[1] The District Court had jurisdiction over the RICO claims under 18 U.S.C. § 1964. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

*v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Bare allegations such as these are insufficient to survive a motion to dismiss, especially given that a RICO predicate act of mail or wire fraud must be pleaded with even greater particularity. *See* Fed. R. Civ. P. 9(b); *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004), *abrogated in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2006).

Nor is Ottilio's second argument persuasive. He claims that he successfully alleged a pattern of racketeering—that is, at least two occurrences of a predicate act, 18 U.S.C. § 1961(5)—because one Appellee-Defendant, a bank employee, was convicted of accepting bribes in exchange for selling bank property at a reduced price. This argument is inapposite. Although the bribery conviction reflects poorly on the bank employee (and perhaps the bank), it sheds no light on whether Ottilio's bank and his law firm conspired to defraud victims of their property on multiple occasions. Indeed, as the District Court recognized, Ottilio was unable to name a single other alleged victim of the alleged RICO enterprise at oral argument. Merely pointing out that a bank employee has accepted bribes, without averring any facts linking that crime to the alleged RICO violations, falls short of the "facial plausibility" needed to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

In sum, the District Court noted two related shortcomings in Ottilio's pleading and each sufficed to dismiss his RICO claims. And after dismissing the federal claims, the

District Court did not abuse its discretion in choosing not to exercise supplemental jurisdiction over the state law claims. Accordingly, we will affirm the order of the District Court.